UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LSSI DATA CORP.,

       Plaintiff,

      v.

TIME WARNER CABLE INC.,

       Defendant.

CIVIL ACTION

NO. 1:11-CV-2178-CAP

**O R D E R**

This matter is before the court on the defendant's motion to dismiss for lack of personal jurisdiction [Doc. No. 8] and motion to transfer to the Southern District of New York [Doc. No. 22]. The court finds transfer is appropriate and therefore does not reach the issue of personal jurisdiction.

**I.   Introduction**

LSSi Data Corp. (LSSi) filed this action against Time Warner Cable Inc. (TWC) alleging TWC violated duties imposed under 47 U.S.C. §§ 202, 222(e), and 251(b)(3). LSSi contends that TWC must provide directly to LSSi all of TWC's directory assistance listing data on a complete, accurate, timely, and nondiscriminatory basis.

In addition to its request for a declaratory judgment and permanent injunctive relief [Doc. No. 1, at 16], LSSi moved for a preliminary injunction to prevent TWC "from refusing to honor and perform [its] obligations" under the statutes above [Doc. No. 2]. TWC timely moved to dismiss for lack of personal jurisdiction and improper venue [Doc. No. 8]. In its response in opposition to the

motion to dismiss, LSSi argued at the end of its brief that if the court found it did not have personal jurisdiction over TWC, then the proper remedy would be transfer to another district court where venue would be proper, rather than dismissal [Doc. No. 14, at 25]. TWC's reply brief acknowledged LSSi's "fallback position" that transfer was preferable to dismissal [Doc. No. 23, at 25], and "[a]s a result" of LSSi's argument TWC filed a motion to transfer under 28 U.S.C. 1404(a) [Doc. No. 22] contemporaneous with its reply in support of the motion to dismiss.

## II. Legal Standards

### A. Personal Jurisdiction

To survive a challenge under Federal Rule of Civil Procedure 12(b)(2), a plaintiff must establish a prima facie case of personal jurisdiction over the defendant. SEC v. Carrillo, 115 F.3d 1540, 1542 (11th Cir. 1997). A multi-step inquiry governs the determination of whether such a prima facie case can be made. First, the court must analyze whether Georgia's long arm statute authorizes personal jurisdiction. Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626 (11th Cir. 1996). Then, the court must determine whether sufficient minimum contacts exist between the defendant and the forum state so as to satisfy traditional notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment. Id. The minimum contacts test is

itself a three element analysis, <u>Carrillo</u>, 115 F.3d at 1542, and the fair play and substantial justice prong requires evaluation of several factors. <u>Asahi Metal Indus. Co. v. Superior Court of Cal., Solano Cnty.</u>, 480 U.S. 102, 113 (1987). Further, even if the cause of action does not arise out of the defendant's "minimum" contacts to support specific personal jurisdiction, a court may exercise general personal jurisdiction over a defendant if it has "continuous and systematic general business contacts" with the forum. <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 416 (1984).

However, the court need not fully analyze this "thorny jurisdictional question" if it instead chooses to transfer the case. <u>First Fed. Sav. & Loan Ass'n of Warner Robins, Ga. v. Berger</u>, 672 F. Supp. 1454, 1457 (M.D. Ga. 1987); <u>see also</u> <u>Riordan v. W. J. Bremer, Inc.</u>, 466 F. Supp. 411, 417 (S. D. Ga. 1979) (holding transfer was "a safe way around" the "difficulty or dilemma resulting from the jurisdictional question"). Here, both parties raise transfer as a safe way around. If the court were to find it does not have personal jurisdiction over the defendant, then the plaintiff "request[s] transfer rather than dismissal." [Doc. No. 14, at 25]. On the other hand, if the court were to find it does have personal jurisdiction over the defendant, then the defendant

requests transfer to the Southern District of New York [Doc. No. 22; Doc. No. 23, at 25].

Transfer is an available procedure even if the court does not have personal jurisdiction over the defendant. A district court may transfer a case "in the interest of justice" when a case is filed "laying venue in the wrong division or district." 28 U.S.C. § 1406(a) (2006). This statute "authorize[s] the transfer of cases . . . whether the court in which it was filed had personal jurisdiction over the defendants or not." Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962). "In this Circuit, a court lacking personal jurisdiction of the defendant may transfer the case under either § 1404(a) or § 1406(a)." Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc., 689 F.2d 982, 992 n.16 (11th Cir. 1982) (citing Koehring Co. v. Hyde Const. Co., 324 F.2d 295, 297–98 (5th Cir. 1963)).

Therefore, this court may grant TWC's motion for transfer pursuant to § 1404 no matter how the personal jurisdiction question is resolved. Based on the facts of this case, the court views the question of transfer as simpler and clearer than the question of personal jurisdiction.[1] The court is inclined to transfer this action, see infra. So, in the interest of judicial economy, the

---

[1] The parties' filings and attachments on the personal jurisdiction issue total over five hundred pages; the same on the transfer issue total less than one hundred.

court will not address the merits of the defendant's motion to dismiss for lack of personal jurisdiction.

**B.    Transfer**

A district court may transfer a civil action to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404. The court has "broad discretion" on whether to grant a transfer. England v. ITT Thompson Indus., Inc., 856 F.2d 1518, 1520 (11th Cir. 1988). But the movant has the burden to establish the suggested forum is more convenient. In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989). Nine factors guide the court's transfer decision:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

### III. Analysis

TWC's motion seeks transfer to the Southern District of New York, and LSSi's response "does not dispute that this case could have been brought" there [Doc. No. 29, at 4]. Thus, the only question to answer is whether the convenience of parties and witnesses and the interest of justice weigh in favor of transfer.

#### 1. Convenience of Parties

The defendant argues that the Southern District of New York would be more convenient not only for itself but also for the plaintiff. Both LSSi and TWC are Delaware corporations with principal places of business in New York, NY. Compl. ¶¶ 1-2 [Doc. No. 1]. The heart of the Southern District of New York is in the same city. Notwithstanding LSSi's arguments in favor of personal jurisdiction in opposition to TWC's motion to dismiss, neither party has a substantial business operation in Georgia. It seems elementary to the court that it would be more convenient to both parties to litigate the matter in the city where they reside. LSSi's attempts to de-emphasize this fact by arguing the plaintiff is the "best judge" of which forum is more convenient to it [Doc. No. 29, at 14-15]. But the plaintiff's choice of forum is an independent factor accorded its own weight. This factor weighs strongly in favor of transfer.

### 2. Convenience of Witnesses

"This factor may be the single most important factor in the analysis whether a transfer should be granted." Baker v. Major League Baseball Props., Inc., No. 3:08-cv-114-MCR, 2009 WL 1098482, at *2 (N.D. Fla. Apr. 22, 2009) (internal quotation omitted); 15 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3851 (3d ed. 2007) (factor is "[o]ften cited as the most important . . . and the one most frequently mentioned by the courts"). The court agrees with LSSi's statement that "at this stage of the proceeding it is difficult for us to ascertain what documents and witnesses will be needed at trial," Bogus v. Am. Speech & Hearing Ass'n, 389 F. Supp. 327, 330 (E.D. Pa. 1975), but it is also too early to determine that issue is entirely legal, not factual [Doc. No. 29, at 16]. Thus, the court will consider the impact on potential witnesses given the information available at this time.

The parties' principal places of business are in New York, while neither have any employees in this district. So it is likely that any party witnesses, such as witnesses designated under Federal Rule of Civil Procedure 30(b)(6), would find New York a more convenient location for depositions, hearings, and trial. Additionally, the emails attached to LSSi's complaint were sent to and from people located in New York, Pennsylvania, Massachusetts,

and Virginia [Doc. Nos. 1-1; 22-1 at 11; 29, at 15]. It is apparent that New York would be a more convenient forum for at least witnesses from New York, Pennsylvania, and Massachusetts, should they be needed. The parties also identify TWC's relationship with Targus as a potential source of witnesses, and Targus is located in Vienna, Virginia. Although the distance from the there to New York is somewhat less than to Atlanta, the court will not find New York to be significantly more convenient to any Virginia witnesses. However, given the other potential witnesses' stronger geographic ties New York and the surrounding area, the court finds this factor weighs in favor of transfer.

### 3. Plaintiff's Forum Choice & Court's Familiarity with Law

LSSi spends a significant portion of its brief arguing its choice of forum "should be accorded substantial deference," and along with this court's "unique familiarity with the governing law" should "weigh[] heavily against transfer[]." See [Doc. No. 29, at 4-12]. The court disagrees. A plaintiff's choice of forum receives a great deal of deference. Ramsey v. Fox News Network, LLC, 323 F. Supp. 2d 1352, 1355 (N.D. Ga. 2004). But it receives much less when neither of the parties reside there. Id. (citing Haworth, Inc. v. Herman Miller, Inc., 821 F. Supp. 1476, 1479 (N.D. Ga. 1992)); see also Bell v. K Mart Corp., 848 F. Supp. 996, 1000 (N.D. Ga. 1994) (finding if plaintiff's choice "lacks any significant connection"

with the underlying claim, that choice is entitled to reduced weight").

LSSi argues it chose this forum because this case is "clearly related" to LSSi Data Corp. v. Comcast Phone, LLC, 11-cv-1246-CAP (N.D. Ga. filed Apr. 18, 2011), currently on appeal from this court. According to LSSi, these two cases "involve identical legal issues; the causes of action in both cases are identical; and both actions allege identical acts of discrimination in violation of" the statutes in question; and both defendants have entered into agreements with Targus rather than LSSi [Doc. No. 29, at 7]. It is not clear that there is such a degree of identicality, especially considering that LSSi had a previous contractual relationship with Comcast to provide the data in question, but none with TWC. Even if there were some overlap between the cases, this does not bolster the plaintiff's "choice" of forum, though perhaps the judicial economy factor. Thus, because neither party resides here in Georgia, and because both reside in New York, this factor cannot weigh in favor of LSSi.

Further, LSSi overstates this court's "familiarity with the governing law and facts" to argue that factor weighs in favor of retaining venue. Again, LSSi points to this court's experience from the Comcast case, which supposedly gives the court "unique" and "intimate familiarity" and "expertise" with the "esoteric" statutes

of the Communications Act. Id. at 6, 9, 12. To the extent this court has any "expertise" with these statutes, it was developed in only sixteen days between the filing of LSSi's complaint and the court's ruling on LSSi's request for a preliminary injunction. See Comcast, 11-cv-1246-CAP [Doc. Nos. 1, 22]. The court was almost immediately thereafter divested of jurisdiction in that case by Comcast's appeal to the Eleventh Circuit. In this case, the only facts and legal questions the court has addressed have been procedural in nature (e.g., this order). On the other hand, the Southern District of New York is at most only a few weeks behind this court in its ability to interpret and apply the federal statutes in question. Therefore, the forum's familiarity with the governing law is neutral to transfer.

### 4. Remaining Factors and Conclusion

The remaining factors are essentially neutral to transfer. Both parties basically agree on two factors: the relative means of the parties and the availability of process to compel unwilling witnesses.[2] Further, to the extent a specific "locus of operative facts" exists in this case, none of the operative facts occurred in Georgia. Likewise, no relevant documents or sources of proof are likely to be found in Georgia. But wherever they may be, "[m]odern

---

[2] The defendant only argues this factor might "slightly favor transfer" if any key TWC or LSSi employee witnesses should separate from their employment with the parties [Doc. No. 22-1, at 16].

technology largely neutralizes traditional obstacles to providing relevant documents and access to proof." <u>Watson v. Cmty. Educ. Ctrs., Inc.</u>, No. 2:10-cv-00778-CEH, 2011 WL 3516150, at *5 (M.D. Fla. Aug. 11, 2011). Finally, although LSSi argues that trial efficiency and the interests of justice favor retaining venue here, its arguments rely on the previously rejected connection with its case against Comcast.

Therefore, because of the parties' common location of their principal places of business in the same city to which TWC seeks a transfer, and because this location would be more convenient to more of the potential witnesses, the court finds it is in the interest of justice to GRANT the defendant's motion to transfer to the Southern District of New York.

**IV.  Conclusion**

The court GRANTS the defendant's motion to transfer to the Southern District of New York [Doc. No. 22]. The defendant's motion to dismiss and motion to stay [Doc. Nos. 8, 10] and the plaintiff's motion for leave to file a supplemental brief in opposition to the motion to dismiss [Doc. No. 30] are therefore DISMISSED AS MOOT. The clerk is DIRECTED to transfer this action to the Southern District of New York for further proceedings.

11

SO ORDERED, this 1st day of November, 2011.

<u>/s/ Charles A. Pannell, Jr.</u>
CHARLES A. PANNELL, JR.
United States District Judge